RIVERA, APPELLANT, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 531.—Decided July 6, 1922.

RECORD OF TITLE—PROPERTY OF MINORS—AUTHORIZATION OF COURT—COMPROMISE.—In this case a mother, in order to avoid a lawsuit and because the value of the property involved, according to her statement made in the deed, was less than $500, conveyed without authorization of court and under section 1712 of the Civil Code, certain real rights belonging to her minor children. The decision refusing to record the conveyance having been appealed from, *held:* That as the deed showed that the transaction was a sale and not a compromise, the record was properly denied.

The facts are stated in the opinion.

*Mr. V. Polanco de Jesús* for the appellant.

The respondent did not appear.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

There was presented for record in the Registry of Property of Arecibo a deed of purchase and sale of a certain joint interest in a rural property executed by Candelaria Rodríguez Salgado, as mother with *patria potestas* over her minor children, wherein it was stated that the sale was made under the authority of section 1712 of the Civil Code in order to avoid a lawsuit and because the value of the property involved was less than $500.

The registrar refused to record the deed on the following grounds:

"The record sought is denied because Candelaria Rodríguez Salgado sells the joint interest of her minor children in the property without authorization of the district court, which is contrary to the express provision of section 229 of the Civil Code and to the decisions of the Supreme Court reported in 23 P. R. R. 438, and in the case of *Acosta et al.* v. *Registrar of Arecibo,* decided January 13, 1921; and because the property is not indivisible, but is a parcel of land of easy physical division and conveyance, in which case only the intervention of the lawful representative of the minors would suffice (sections 413 and 1027 of the Civil Code)   *   *   * ."

An appeal was taken from that decision and is now submitted to our consideration.

According to the terms of the deed, the grantee had pur-chased from the mother of the minors an undivided half of the property and the reason why the other half belonging to the minors was to be sold now was because an attempt had been made to divide the community of ownership in the property existing between the appellant and the minors, but on account of the fact that the parcel of land was small and the houses on it were not all in the same condition of pres-ervation, it had been impossible for the parties to reach a satisfactory agreement, so that the sale to the appellant is in the manner of a compromise and for the purpose of avoiding a lawsuit. It is stated also that inasmuch as neither the mother nor her minor children have any other property, she has been compelled to sell instead of purchasing from the co-owner.

This last consideration would be sufficient to justify fully the registrar's decision that this contract is a sale and not a compromise. Whether there is any necessity of selling the property must be decided by the court having jurisdiction of the matter, for in that case the authorization of the court is in-dispensable according to section 229 of the Civil Code as amended by Act. No. 33 of 1911 and the decisions cited by the registrar in his decision. Moreover, in the case of *Acosta et al.* v. *Registrar of Arecibo,* 29 P. R. R. 8, which is very similar to this case and in which section 1712 of the Civil Code is construed, this court said that Act No. 33 of 1911 prohibits any alienation of real estate where minors are concerned, whether or not it may be in pursuit of a compromise.

The contract contained in the deed referred to not being, therefore, a compromise, but a sale, the registrar's decision must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.